# COMPLAINT

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

---

**THOMAS ALEXANDER FORD,**

Plaintiff,

v.                                          Case No. _____

**GREYSTAR PROPERTY MANAGEMENT,**

Defendant.

---

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

TO THE HONORABLE COURT:

Plaintiff Thomas Alexander Ford, by and through undersigned counsel, respectfully submits this Complaint against Defendant Greystar Property Management and alleges as follows:

## I. JURISDICTION AND VENUE

**1.** This Court has subject matter jurisdiction over this action as this action arises under federal law, specifically the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. This Court also has supplemental jurisdiction over related state law claims.

**2.** Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2), as Defendant conducts substantial business activities within this district, and a substantial part of the events or omissions giving rise to the claims occurred within this district.

**3.** The amount in controversy exceeds $75,000, exclusive of interest and costs, thereby satisfying the jurisdictional threshold requirements for federal court jurisdiction.

## II. PARTIES

**4.** Plaintiff Thomas Alexander Ford is an individual who resides at 777 NW 155 Ln, Apt. 212, Miami, Florida 33169, and is a citizen of the State of Florida.

**5.** Upon information and belief, Defendant Greystar Property Management is a business entity organized and existing under the laws of one of the states of the United States, conducting business operations in multiple states including Florida and Tennessee, and maintaining its principal place of business outside the State of Florida.

6. Upon information and belief, Defendant regularly conducts business activities within the Southern District of Florida, including property management services, tenant relations, and credit reporting activities affecting Florida residents.

## III. FACTUAL ALLEGATIONS

### A. Property Management Relationship

7. At all times material hereto, Plaintiff was a tenant under a written lease agreement for residential premises located at 908 Division St., Apt. 311, Nashville, Tennessee 37203 (the "Property").

8. Defendant Greystar Property Management served as the property management company responsible for the Property, with duties and obligations including but not limited to: maintaining the Property in safe and habitable condition, responding to tenant complaints and maintenance requests, ensuring compliance with applicable housing codes and safety regulations, and accurately reporting tenant payment history and lease compliance to credit reporting agencies.

9. The lease agreement and property management relationship created contractual duties and obligations between the parties, including Defendant's obligation to maintain the Property in compliance with applicable safety standards and to handle tenant-related matters in accordance with applicable law.

### B. Court Orders and Defendant's Non-Compliance

10. On or about September 9, 2025, through December 15, 2025, various court orders were issued by courts of competent jurisdiction directing specific actions to be taken by Defendant regarding the Property and/or Plaintiff's tenancy.

11. Plaintiff has in his possession copies of all relevant court orders referenced herein and can demonstrate that such orders were properly served upon Defendant in accordance with applicable rules of civil procedure.

12. Despite being properly served with and having actual knowledge of said court orders, Defendant willfully, intentionally, and deliberately failed to comply with the directives contained therein.

13. Defendant's failure to comply with court orders was not due to impossibility, impracticability, or any legitimate legal justification, but rather constituted a deliberate disregard for judicial authority and Plaintiff's legal rights.

14. As a direct and proximate result of Defendant's failure to comply with court orders, Plaintiff has suffered substantial damages including but not limited to financial losses, additional legal expenses, and interference with his peaceful enjoyment of his tenancy rights.

### C. Gas Leak and Safety Violations

15. On or about October 6, 2023, Plaintiff discovered and reported to Defendant a dangerous gas leak at the Property that posed immediate and serious threats to the health and safety of Plaintiff and other occupants.

**Page 2**

16. Plaintiff provided Defendant with written notice of the gas leak through multiple forms of communication, including written reports, photographic documentation, and direct correspondence, all of which clearly documented the existence and severity of the gas leak.

17. Plaintiff possesses comprehensive documentation of the gas leak including but not limited to: written incident reports, photographic evidence showing visible signs of the gas leak, utility company records confirming the presence of dangerous gas levels, and correspondence demonstrating that Defendant received actual notice of the hazardous condition.

18. Despite having actual knowledge of the gas leak and the imminent danger it posed to human life and safety, Defendant failed to take prompt and appropriate action to remedy the dangerous condition.

19. Defendant's failure to address the gas leak constituted a material breach of its duties under the lease agreement and applicable housing codes, and created an unreasonably dangerous condition that threatened the health and safety of Plaintiff and other occupants.

20. The gas leak and Defendant's failure to remedy it forced Plaintiff to incur additional expenses for temporary housing, safety measures, and other costs directly related to the dangerous condition that Defendant failed to address.

## D. False Credit Reporting and FCRA Violations

21. As part of its property management duties, Defendant regularly reports tenant payment history, lease compliance information, and other tenant-related data to credit reporting agencies and debt collection companies.

22. Defendant reported false, inaccurate, and misleading information about Plaintiff to credit reporting agencies and to Genesis Debt Collection, which information was not verified and was known or should have been known by Defendant to be inaccurate.

23. The false information reported by Defendant included but was not limited to: incorrect payment history, false claims of lease violations, inaccurate debt amounts, and other materially false statements that negatively impacted Plaintiff's credit profile and creditworthiness.

24. Plaintiff possesses documentation demonstrating that the information reported by Defendant to credit agencies was factually incorrect and that Defendant had access to accurate information that contradicted the false reports.

25. Defendant's false credit reporting was done willfully and with reckless disregard for the accuracy of the information being reported, in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

26. As a direct and proximate result of Defendant's false credit reporting, Plaintiff's credit score was damaged, his ability to obtain credit was impaired, and he was forced to incur substantial expenses for credit monitoring, credit repair services, and other costs directly related to correcting the false information.

### E. Damages and Continuing Harm

**27.** As a direct and proximate result of Defendant's wrongful conduct described herein, Plaintiff has suffered substantial financial damages including but not limited to: rent overpayments, credit repair costs, moving expenses necessitated by Defendant's failures, temporary housing costs, legal fees, and other out-of-pocket expenses.

**28.** Plaintiff's damages are continuing and ongoing, as the false credit reporting continues to impact his creditworthiness and financial opportunities.

**29.** All of Defendant's wrongful conduct described herein occurred within the applicable statute of limitations periods, with the most recent harmful conduct occurring within the past two years.

## IV. CLAIMS FOR RELIEF

### COUNT I: BREACH OF CONTRACT

**30.** Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

**31.** The lease agreement and property management relationship between Plaintiff and Defendant created binding contractual obligations, including Defendant's duties to maintain the Property in safe and habitable condition, comply with applicable laws and court orders, and handle tenant-related matters in accordance with industry standards and legal requirements.

**32.** Defendant materially breached its contractual obligations by: (a) failing to comply with court orders directing specific actions; (b) failing to promptly and adequately address the dangerous gas leak at the Property; (c) failing to maintain the Property in safe and habitable condition; and (d) failing to accurately report tenant information to credit agencies.

**33.** Plaintiff substantially performed all of his obligations under the lease agreement and property management relationship.

**34.** As a direct and proximate result of Defendant's material breaches of contract, Plaintiff has suffered substantial damages in an amount to be proven at trial, but not less than Twenty Million Dollars ($20,000,000).

**35.** Defendant's breaches were willful and deliberate, justifying an award of consequential damages and other relief deemed appropriate by this Court.

### COUNT II: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

**36.** Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

**37.** At all times material hereto, Defendant was a "person" within the meaning of the Fair Credit Reporting Act and regularly furnished consumer credit information to credit reporting agencies and debt collectors.

**38.** Plaintiff is a "consumer" within the meaning of the Fair Credit Reporting Act.

**Page 4**

**39.** The false and inaccurate information reported by Defendant to credit reporting agencies and Genesis Debt Collection constituted "consumer reports" as defined under applicable federal consumer reporting law.

**40.** Defendant violated its legal obligation by furnishing inaccurate information to credit reporting agencies when it knew or had reasonable cause to believe that the information was inaccurate.

**41.** Defendant's violations of the Fair Credit Reporting Act were willful, as Defendant acted with reckless disregard for the accuracy of the information being reported and failed to implement reasonable procedures to ensure accuracy.

**42.** Alternatively, Defendant's violations of the Fair Credit Reporting Act were negligent within the meaning of 15 U.S.C. § 1681o, as Defendant failed to exercise reasonable care in ensuring the accuracy of reported information.

**43.** As a direct and proximate result of Defendant's willful and/or negligent violations of the Fair Credit Reporting Act, Plaintiff has suffered actual damages including credit repair costs, increased borrowing costs, lost opportunities for credit, and other financial losses in an amount to be proven at trial.

**44.** Defendant's willful violations of the Fair Credit Reporting Act entitle Plaintiff to statutory damages, punitive damages, and attorney's fees as provided under 15 U.S.C. § 1681n.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant as follows:

**A.** Award Plaintiff compensatory damages in the amount of Twenty Million Dollars ($20,000,000) for actual financial losses including but not limited to rent overpayments, credit repair costs, moving expenses, temporary housing costs, increased borrowing costs, lost credit opportunities, and other out-of-pocket expenses directly caused by Defendant's wrongful conduct;

**B.** Award Plaintiff statutory damages pursuant to 15 U.S.C. § 1681n for Defendant's willful violations of the Fair Credit Reporting Act in an amount to be determined by the Court or jury;

**C.** Award Plaintiff punitive damages pursuant to 15 U.S.C. § 1681n for Defendant's willful violations of the Fair Credit Reporting Act in an amount sufficient to deter similar conduct;

**D.** Enter injunctive relief requiring Defendant to: (i) correct all false and inaccurate information previously reported to credit reporting agencies concerning Plaintiff; (ii) provide accurate and complete information to all credit reporting agencies to whom false information was previously furnished; (iii) implement reasonable procedures to ensure the accuracy of future credit reporting; and (iv) provide Plaintiff with written confirmation of all corrective actions taken;

**E.** Award Plaintiff reasonable attorney's fees and costs pursuant to applicable federal statutes including 15 U.S.C. § 1681n, which provide for attorney's fees to prevailing parties in Fair Credit Reporting Act litigation;

**Page 5**

**F.** Award Plaintiff pre-judgment and post-judgment interest at the maximum rate allowed by law;

**G.** Grant such other and further relief as this Court deems just and proper under the circumstances.

## VI. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted,

[Attorney Name]

[Attorney Title]

[Bar Number]

[Law Firm Name]

[Address]

[City, State ZIP Code]

[Telephone]

[Email]

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Complaint will be effectuated upon Defendant Greystar Property Management through service upon its registered agent in the State of Florida by professional process server in accordance with Federal Rule of Civil Procedure 4.

[Attorney Name]