**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 26-cv-20909-DPG/DSW**

**THOMAS ALEXANDER FORD,**

    **Plaintiff,**

**v.**

**GREYSTAR PROPERTY**
**MANAGEMENT,**

    **Defendant.**

**REPORT AND RECOMMENDATION**
**TO DISMISS CASE WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court on a *sua sponte* review of the record. This case has been assigned to the Honorable Darrin P. Gayles, and the undersigned is assigned to the case in accordance with Administrative Order 2025-11. [ECF Nos. 2, 9]. Upon thorough and careful review of the record, the undersigned respectfully recommends that this case be **DISMISSED WITHOUT PREJUDICE** for the reasons outlined below.

On February 11, 2026, pro se Plaintiff Thomas Alexander Ford ("Plaintiff") filed a Complaint against Defendant Greystar Property Management ("Defendant"). [ECF No. 1]. Contemporaneously, Plaintiff filed a Motion for leave to proceed in forma pauperis ("IFP Motion"). [ECF No. 3]. The Court denied Plaintiff's handwritten IFP Motion because the Court was "unable to discern several key pieces of Plaintiff's information that would assist the Court in making an informed decision on the [IFP] Motion." [ECF No. 6]. The Court instructed Plaintiff to refile an IFP Motion by or before March 26, 2026. Plaintiff did not refile an IFP Motion by March 26, 2026. On April 1, 2026, the Court entered a *sua sponte* order to show cause, ordering Plaintiff

to either (1) pay the filing fee, or (2) file an IFP Motion by April, 22, 2026. [ECF No. 7]. However, to date, Plaintiff has not paid the filing fee, nor has he filed an IFP Motion.

When a plaintiff fails to comply with the Court's orders to pay the filing fee, or as in this case when the Court gave Plaintiff the opportunity to demonstrate his indigency, "[f]ederal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Acosta v. Soc. Sec. Admin.,* No. 25-CV-23879, 2025 WL 3897565, at *2 (S.D. Fla. Dec. 16, 2025), *report and recommendation adopted*, No. 25-23879-CIV, 2026 WL 36458 (S.D. Fla. Jan. 6, 2026); *accord Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017).  "The goal of this sanction is 'to prevent undue delays in the disposition of pending cases and to avoid congestion in the' court's calendar so that the court can "achieve the orderly and expeditious disposition of cases." *Acosta*, 2025 WL 3897565, at *2.

The Court has already given Plaintiff two opportunities to file a motion to proceed in forma pauperis and has warned Plaintiff that failure to do so may result in dismissal. *See* [ECF Nos. 6, 7].  Plaintiff has still failed to comply with the Orders, and his failure to comply has caused delay in this case. For these reasons, the undersigned hereby **RECOMMENDS** that the Court exercise its inherent power to **DISMISS** this case without prejudice.

Within **fourteen (14)  days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1). Any response shall be filed within **seven (7) days** of the objections. The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th

Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of April, 2026.

**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc:    All Counsel of Record

Thomas Alexander Ford, Pro Se
Alexford8b@yahoo.com